OPINION
{¶ 1} Yolanda Burch was convicted of assault, a first degree misdemeanor, after a bench trial in the Dayton Municipal Court. The trial court sentenced her to 180 days in the Montgomery County Jail, all of which were suspended, and ordered her to pay a fine of $100. Burch was placed on probation for one year. Burch appeals her *Page 2 
conviction, arguing that the guilty verdict was against the manifest weight of the evidence. For the following reasons, Burch's conviction will be affirmed.
 {¶ 2} Burch's conviction stemmed from an altercation with Mia Danae Howard at approximately 3:45 a.m. on July 8, 2007. Howard, aka "Big Sexy," is a member of a motorcycle gang called the Uncontrollable Women. Burch, aka "Yoyo," belongs to a different motorcycle gang called "Street Riders." Burch and Howard had been friendly, but some problems had developed between the women during the preceding months.
 {¶ 3} According the State's evidence, on the evening of July 7, 2007, Howard attended a cabaret at the Convention Center hosted by the Made Men Motorcycle Club. Afterward, Howard met her boyfriend, Derrick King, at her home. At approximately 3:30 a.m. on July 8, Howard and King went to an "after party" at the Posse Motorcycle Club, an establishment frequented by individuals from several motorcycle groups.
 {¶ 4} Howard first saw Burch at the Posse Motorcycle Club shortly after Howard arrived. Howard and King went inside and got drinks. The two then returned outside; Howard was leading, carrying two beverages. Howard headed toward the parking lot and had just stepped into the grass along the sidewalk when Burch attacked her from behind. According to Howard, Burch "grabbed the back of [Howard's] hair with one hand * * *, snapped [Howard's] head back, and * * * put [Howard] in a headlock with the other hand." A physical confrontation ensued. During the fight, braids were pulled from Howard's head. Howard suffered bleeding from her scalp and she had a constant headache for several days.
 {¶ 5} Shortly after the confrontation ended, Howard remained near the *Page 3 
sidewalk picking up braids that had been pulled from her head. Burch rode a motorcycle toward her, and Howard "hit her first before she [could] hit me again." Howard believed that Burch was trying to "run her over." King, however, testified that Burch was parking a motorcycle and Howard hit her as Burch was getting off the bike. King testified that Howard was "reacting" to what had happened earlier.
 {¶ 6} Burch presented five witnesses in her defense, including herself. Burch and Dorothy King testified that Burch approached Howard after Howard exited the Posse Club. They stated that Burch put her arm around Howard's shoulder and said, "Mia, let me holler at you. We need to talk." Howard dropped her drinks and "swung at" Burch. Burch indicated that her rings got caught in Howard's hair as they were separated.
 {¶ 7} Michael Garris, Lakisha Adams, and Burch testified that they saw a man fall off his motorcycle in the parking lot, and Burch got on the motorcycle to park it. Burch slowly rode the motorcycle toward the front door. While Burch was parking the motorcycle, Howard hit her. Adams indicated that Howard's braids were intact when this altercation began.
 {¶ 8} At the conclusion of the trial, the trial court found Burch guilty of assault in the first altercation after Howard exited the Posse Club, which was the basis for the charge. Prior to announcing Burch's sentence, the trial court stated, in part:
 {¶ 9} "You know, I'm glad nothing else happened that night, but you know, Mr. Sexton [the prosecutor], in this situation, in my opinion[,] there were two assaults. One by the Defendant on the Plaintiff and one by the Plaintiff on the Defendant and a lot of times in court it's who gets to the police first or who gets to the prosecutor first and you *Page 4 
know, Miss Howard got there first but I'm sure if I had been trying the case against Miss Howard for the second go around, I would have surely found her guilty of assault on the second go around as I have found Miss Burch guilty on the first go around. So I guess that's all I got to say about that."
 {¶ 10} The trial court then sentenced Burch accordingly.
 {¶ 11} In her sole assignment of error, Burch claims that her conviction was against the manifest weight of the evidence. She asserts that the trial court found Howard's testimony regarding the second altercation to be not credible and, therefore, "basing a conviction on Ms. Howard's version of the initial altercation is against the manifest weight of the evidence."
 {¶ 12} When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541, citing State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility.State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288. "Contrastingly, the decision as to which of several competing inferences, suggested by the evidence in the record, should be preferred, is a matter in which an appellate judge is at least equally qualified, by reason *Page 5 
and experience, to venture an opinion." Id. A judgment should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. Martin, 20 Ohio App.3d at 175.
 {¶ 13} Based on the evidence, we conclude that the trial court did not "lose its way" in convicting Burch of assaulting Howard during the first altercation, even though it believed Howard had initiated the second altercation. Derrick King indicated that he had had some concern prior to the first fight about Burch saying or doing something to Howard. Howard and King both testified that, after Howard exited the Posse Club, Burch grabbed Howard around the neck and by the back of her hair. The trial court could have reasonably credited this testimony by Howard and King. Considering that numerous witnesses — including King — testified that Howard had later punched Burch as she finished parking a motorcycle, the trial court could have reasonably rejected Howard's additional testimony that Burch had tried to "run her over," leading to the second fight. The trial court apparently credited King's version of events, which indicated that Burch had started the first fight but that Howard had started the second.
 {¶ 14} The assignment of error is overruled.
 {¶ 15} The judgment of the trial court will be affirmed.
GRADY, J. and WALTERS, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Andrew D. Sexton
Gregory Turner
 Hon. Daniel G. Gehres *Page 1